E. Gerard Mannion (State Bar #77287)
Email: gerry@mannionlowe.com
Wesley M. Lowe ((State Bar #111761)
Email: wes@mannionlowe.com
Kelly M. Mannion (State Bar # 278816)
Email: kelly@mannionlowe.com
MANNION & LOWE
655 Montgomery Street, Suite 1200
San Francisco, California 94111
Telephone: (415) 733-1050
Facsimile: (415) 434-4810

Attorneys for Plaintiff
PETRA HENG

# UNITED STATE DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

PETRA HENG,

    Plaintiff,

vs.

METROPOLITAN LIFE INSURANCE COMPANY,

    Defendant.

Case No.

**COMPLAINT FOR RECOVERY OF ACCIDENTAL DEATH BENEFITS**

Plaintiff alleges:

## JURISDICTION

1. Jurisdiction exists under 28 U.S.C. §1331 because this case involves a claim under an employee welfare benefit plan governed by 29 U.S.C. §1001 *et seq.* (ERISA).

## VENUE

2. Venue is proper in this district under 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

3. Plaintiff is an individual currently residing in the State of California, who at all relevant times was residing in the State of California, and was the wife of Thomas Heng at the time of his death due to an accident on July 25, 2012.

4. The Metropolitan Life Insurance Company Term Life & Accidental Death and

1

1 Dismemberment Insurance, Group Policy Number 1164937-1-G, is a group insurance policy
2 sponsored by TriNet Group, Inc. as part of the TriNet Employee Benefit Insurance Plan and
3 underwritten and insured by Defendant Metropolitan Life Insurance Company ("MetLife") to provide
4 term life and accidental death and dismemberment insurance benefits to employees of DecisionView,
5 Inc.

6     5.   The TriNet Employee Benefit Insurance Plan is an employee welfare benefit plan
7 governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA").

8     6.   Thomas Heng was employed by DecisionView, Inc., and incident to his employment,
9 he was insured under the TriNet Employee Benefit Insurance Plan as a "participant" as defined by 29
10 U.S.C. § 1002(7).

11    7.   The TriNet Employee Benefit Insurance Plan provided life benefits that included term
12 life, accidental death & dismemberment ("AD&D"), and supplemental and/or voluntary AD&D
13 coverages.  Plaintiff Petra Heng was the designated beneficiary under these coverages.

14    8.   At all relevant times hereto, Thomas Heng was employed by DecisionView, Inc. as
15 Senior System Administrator, was insured under the TriNet Employee Benefit Insurance Plan, and at
16 the time of his death, was covered under the life benefits mentioned herein.

17    9.   On or about July 25, 2012, Thomas Heng died in an accident while hiking.  On or
18 about August 6, 2012, plaintiff submitted her claim for benefits, including her claim for accidental
19 death & dismemberment insurance benefits, complied with all other material provisions of the
20 TriNet Employee Benefit Insurance Plan and the Metropolitan Life Insurance Company Term Life &
21 Accidental Death and Dismemberment Insurance, Group Policy Number 1164937-1-G, and was
22 therefore entitled to benefits under the terms of the plan and group insurance policy.

23    10.  On or about September 26, 2012, defendant MetLife denied the claim for
24 supplemental and/or voluntary accidental death & dismemberment insurance benefits on the grounds
25 that there were no such benefits in force on the date Thomas Heng died.  This decision or
26 determination was incorrect.  Such benefits were in force on the date he died.

27    11.  On or about February 11, 2013, plaintiff submitted a timely appeal to defendant
28 MetLife and provided sufficient evidence, documentation, and reasons in support her claim and

appeal.

12. On or about October 1, 2013, defendant MetLife upheld its denial of plaintiff's claim.

13. On February 10, 2014, plaintiff submitted a timely appeal addressed to the MetLife Group Life Claim Appeals Committee and provided additional reasons to support her claim and appeal.

14. On or about March 14, 2014, defendant MetLife informed plaintiff that her claim "requires further review because of special circumstances" and that she would be notified of defendant's findings "within ninety (90) days."

15. On or about October 23, 2014, defendant MetLife responded to plaintiff's appeal by upholding its initial denial of the claim and advising plaintiff that she had exhausted the plan's administrative remedies.

16. Defendant's actions are contrary to the terms of the TriNet Employee Benefit Insurance Plan, the Metropolitan Life Insurance Company Term Life & Accidental Death and Dismemberment Insurance, Group Policy Number 1164937-1-G, and the applicable law, and lack legal and evidentiary support.

17. As a direct and proximate result of the aforementioned acts of defendant, plaintiff suffered damages including loss of accidental death & dismemberment benefits, together with interest thereon.

18. As a further direct and proximate result of the actions of defendant, plaintiff has been required to engage the services of legal counsel for the purpose of recovering the insurance benefits due to her.

**FIRST CLAIM FOR RELIEF**
**(Recovery of Accidental Death Benefits)**

19. Plaintiff realleges and incorporates by reference herein all preceding paragraphs as though fully set forth herein.

20. At all relevant times, plaintiff was the designated beneficiary under the Metropolitan Life Insurance Company Term Life & Accidental Death and Dismemberment Insurance, Group Policy Number 1164937-1-G, and defendant MetLife, as claims fiduciary, was responsible for the administration and handling of plaintiff's claim for accidental death benefits.

3

21. On or about August 6, 2012, plaintiff submitted her claim for benefits, including her claim for accidental death & dismemberment insurance benefits, complied with all other material provisions of the TriNet Employee Benefit Insurance Plan and the Metropolitan Life Insurance Company Term Life & Accidental Death and Dismemberment Insurance, Group Policy Number 1164937-1-G, and/or compliance has been waived or defendant is estopped from asserting non-compliance.

22. At the time of his death, participant Thomas Heng was covered under the life benefits mentioned herein, including supplemental and/or voluntary AD&D coverage, and these benefits were in force at the time of his death. Plaintiff was therefore entitled to receive these benefits under the terms of the plan and group insurance policy.

23. Contrary to the evidence, documentation, and analyses presented, and the information in its files, defendant MetLife denied plaintiff's claim for accidental death benefits. Plaintiff appealed defendant's denial and exhausted the plan's administrative remedies.

24. Defendant MetLife's denial of plaintiff's claim for accidental death benefits violates the terms of the TriNet Employee Benefit Insurance Plan and the Metropolitan Life Insurance Company Term Life & Accidental Death and Dismemberment Insurance, Group Policy Number 1164937-1-G and is contrary to Federal and State law, and not supported by the evidentiary record, and defendant's actions in administering plaintiff's claim and in denying her claim for benefits was incorrect, wrongful, arbitrary and/or capricious. Defendant MetLife failed and refused to honor its obligations under the TriNet Employee Benefit Insurance Plan and the Metropolitan Life Insurance Company Term Life & Accidental Death and Dismemberment Insurance, Group Policy Number 1164937-1-G. Defendant MetLife is therefore liable for all benefits due and owing.

24. Defendant MetLife Insurance has waived, and/or is estopped and/or is barred from denying the benefits sought by plaintiff in her claim due to its actions and/or inactions, including its failure to provide proper and adequate notice to Thomas Heng.

26. As a direct and proximate result of defendant's actions, plaintiff has been deprived of accidental death benefits to which she as the designated beneficiary was and is entitled to receive, and has suffered damages as set forth above in paragraph 17, and has incurred attorneys fees as

Complaint for Recovery of Accidental Death Benefits

alleged in paragraph 18.

WHEREFORE, plaintiff prays as follows:

1. For special damages;
2. For general damages;
3. For other damages according to proof;
4. For attorneys' fees and costs of suit incurred herein pursuant to 29 U.S.C. § 1132(g) and ERISA § 502(g);
5. For prejudgment interest on all benefits owed; and
6. For such other and further relief as the Court may deem just and proper.

Dated: July 22, 2016

MANNION & LOWE
A Professional Corporation

By: *Wesley M. Lowe* (signature)
Wesley M. Lowe
Attorney for Plaintiff
PETRA HENG

\\MLSERVER001\Group\Main Group\Clients\Heng v MetLife Insurance\Pleadings - Northern District\Complaint Heng 7 21.16.final

Complaint for Recovery of Accidental Death Benefits